Mark C. GYRION, Plaintiff,

v.

CITY OF CHICAGO, a Municipal Corporation; Richard M. Daley, Individually; and Richard Kinczyk, Individually, Defendants.

No. 04 C 5670.

United States District Court, N.D. Illinois, Eastern Division.

July 17, 2006.

Maura Kathleen McKeever, James Patrick Kelly, Matuszewich, Kelly and McKeever, LLP, Crystal Lake, IL, Wendi Nicole Vineyard, James & Associates, Forreston, IL, for Plaintiff.

Tracey Renee Ladner, Mara Stacy Georges, Naomi Ann Avendano, City of Chicago, Law Department Corporation Counsel, Daniel Matthew Noland, Harry N. Arger, Dykema Gossett PLLC, Paul A. Michalik, Rosa Maria Tumialan–Landy, Terrence Michael Burns, Dykema Gossett Rooks Pitts PLLC, Chicago, IL, for Defendants.

## ORDER

BUCKLO, District Judge.

The City of Chicago (the "City"), the prevailing party, has submitted a bill of costs totaling $5,892.44, reflecting 1) fees for service of summons and subpoena ($369.00); 2) fees for witnesses ($373.43); 3) fees for exemplification and copies of papers necessarily obtained for use in the case ($896.25); and 4) deposition costs ($4,253.56). Mark Gyrion ("Gyrion") has presented objections to portions of these costs. I adjust the City's bill to tax Gyrion $4,695.06 for the reasons stated below.

Federal Rule of Civil Procedure 54(d) allows a prevailing party such as the City to recover certain costs as a matter of course. FED.R.CIV.P. 54(d). *See also* 28 U.S.C.A. § 1920. "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir.2005). A district court must first de-

termine whether requested costs are recoverable, and then determine whether those costs are reasonable. *See, e.g., Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir.2000).

*Fees for service of summons and subpoena.*

The City seeks $369.00 for the service of seven subpoenas. Gyrion argues that although the City has attached information showing the subpoenas were served and has itemized the cost of serving each subpoena, it has attached no invoices showing how much it paid to law enforcement to serve these subpoenas. However, the City has submitted a declaration from counsel affirming that all itemized expenses are accurate, and its itemization sufficiently reflects that it paid law enforcement $369.00 to serve these subpoenas. As this is Gyrion's only objection to this class of fees, I tax Gyrion the full $369.00 sought.

*Fees for witnesses.*

The City seeks $373.43 in witness fees and has itemized those fees by witness but has not explained how those fees were calculated. I agree with Gyrion that without this information I cannot determine whether these costs were reasonable. Therefore, I will not tax this class of fees.

*Fees for exemplification.*

Gyrion has presented no objections to the City's bill for exemplification and copies of papers, so the court taxes the full $896.25 amount sought.

*Deposition costs.*

 The City seeks $4,253.56 in deposition costs. Under Local Rule 54.1(b), costs taxed for deposition transcripts normally may not exceed the rates established by the Judicial Conference of the United States. At the time these transcripts were ordered, that rate was $3.30 per page for an original and $0.83 per page for the first copy to each party. *See* United States District Court for the Northern District of Illinois, General Order, February 28, 2003 (available online at http://10.205.15.104/CLERKS_OFFICE/CrtReporter/tfee0203.pdf). Gyrion is correct that neither court reporter attendance fees nor postage fees are recoverable. *See Engate, Inc. v. Esquire Deposition Servs., LLC,* No. 01 C 6204, 2006 WL 695650, *3 (N.D.Ill. Mar. 13, 2006); *McDonald v. Vill. of Winnetka,* No. 00 C 3199, 2003 WL 1989656, *2 (N.D.Ill. Apr. 30, 2003) ("[U]nder the Judicial Conference guidelines, postage or delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts."). Further, where the losing party arranges a deposition and therefore selects the rates charged by the court reporter, it is reasonable to award the prevailing party the full costs charged by the reporter for the deposition transcript. *See, e.g., Haroco, Inc. v. Am. Nat. Bank and Trust Co. of Chicago,* 38 F.3d 1429, 1441 (7th Cir.1994). Where the City has not justified costs for services typically not covered (such as Min–U–Scripts, expedited transcripts and service fees), I will not tax those costs. *See, e.g., Vigortone Ag Prods., Inc. v. PM Ag Prods., Inc.,* No. 99 C 7049, 2004 WL 1899882, *6 (N.D.Ill. Aug. 12, 2004). Based on these principles, I tax the following costs (for a total of $3,429.81) for the depositions in this case:

Naomi Baker: $229.75 (cost of transcript copy)

Kimberly Gyrion: $468.00 (cost of original transcript)

Irene Caminer: $202.55 (cost of copy of transcript and exhibits for a reporter selected and arranged for by Gyrion)

Alexander Vroustouris: $132.78 (cost of copy of transcript and exhibits for a reporter selected and arranged for by Gyrion)

Bilal Almasri/Richard Rice: $259.18 (cost of copy of transcript and exhibits for a reporter selected and arranged for by Gyrion)

Fred Seng: $133.25 (cost of original transcript)

Mark Gyrion 7/18/05: $660.00 (maximum allowable cost for original transcript absent showing that expedited transcript was necessary)

Mark Gyrion 8/15/05: $555.75 (cost of original transcript)

Jacquelyn Heard: $105.50 (cost of copy of transcript and exhibits for a reporter selected and arranged for by Gyrion)

Stephanie Loints: $147.91 (cost of copy of transcript and exhibits for a reporter selected and arranged for by Gyrion)

Sheila O'Grady: $182.50 (cost of copy of transcript for a reporter selected and arranged for by Gyrion)

Richard Kinczyk: $352.64 (cost of copy of transcript and exhibits for a reporter selected and arranged for by Gyrion)